## UNITED STATE DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**STEPHANIE BROWN,**

   **Plaintiff,**

**vs.**                                                    **Case No.:**

**MARRIOTT INTERNATIONAL**
**ADMINISTRATIVE SERVICES, INC.**
**A Foreign Profit Corporation**
         **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE BROWN, brings this action against Defendant, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA").

## PARTIES

1.      Plaintiff is a citizen and resident of Orange County, Florida. She is a former employee of Defendant.

2.      Defendant, MARRIOTT INTERNATIONAL ADMINISTRATIVE SERVICES, INC., is a foreign profit corporation.

3.      Plaintiff performed work for Defendant at its Gaylord Palms, Orlando location.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42

U.S.C. §1981a (collectively "Title VII") and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA").

5. This Court has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

6. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

7. On January 3, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as Exhibit A.

8. On October 26, 2020, the EEOC issued a notice of right to sue attached hereto and marked as Exhibit B.

9. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

10. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII and the FCRA.

## FACTS

11. Plaintiff was hired by Marriot as a Server on April 2, 2018.

12. Plaintiff was paid at an hourly rate of $5.80, plus tips.

13. During her employment with Defendant, Plaintiff was subjected to horrific racist comments as well as a series of unwelcome sexual advancements by her co-workers with no meaningful response from Defendant.

14.     First, a Company employee named Abdel (surname is not known) sexually harassed Plaintiff.

15.     Abdel continuously made sexual advances towards Plaintiff and then acted critically towards her for rejecting them.

16.     He made comments to Plaintiff such as, "we should go out to hookah, I bet you're fun to hang out with outside of work."

17.     Abdel would also physically put his hands around Plaintiff's waist and rubbed his penis (with his pants on) on her buttocks against her will.

18.     Plaintiff made it clear these actions by Abdel were unwelcome.

19.     Plaintiff told her supervisor, Maya Jones, about Abdel's unwelcome behaviors.

20.     Plaintiff told Ms. Jones that Abdel was sexually harassing her *numerous* times.

21.     Ms. Jones did not investigate the issue.

22.     Ms. Jones simply told Plaintiff that she had to "record" Abdel in the act of sexually harassing her in order for Marriot to do anything about it.

23.     Marriott's policies required that Ms. Jones open an investigation.

24.     Ms. Jones did not open any investigation.

25.     Ms. Jones insisted on Plaintiff capturing evidence of sexual harassment despite Plaintiff literally crying and begging to not have to continue working with Abdel

26.     Plaintiff indicated that working with Abdel made her so uncomfortable.

27.     Ms. Jones did tell Abdel that Plaintiff had complained about him – not as an investigation or any type of remedial action but just to tell him.

28.     As such, Abdel reacted harshly towards Plaintiff when he eventually found out.

29.     Plaintiff asked Ms. Jones if she could be trained for other areas so as to be able to avoid being scheduled with Abdel

30.     Ms. Jones did not allow Plaintiff to be trained in other area.

31.     In April 2019, Plaintiff complained about the harassment she was forced to endure to Defendant's Human Resources Representative, Lauren Frazier.

32.     Ms. Frazier did nothing with the information about sexual harassment.

33.     In a separate incident, near the end of June 2019, a bartender named Aleena Finley yelled a racial slur towards Ms. Jones in front of Defendant guests.

34.     Shockingly, Ms. Finley exclaimed, "the **NIGGER** took my jigger!"

35.     This comment related to Ms. Jones having a bartending tool that Ms. Finley wanted back.

36.     The racist comment, understandably, mortified and offended Plaintiff.

37.     Plaintiff *again* complained to Ms. Frazier about the racist comment.

38.     Nothing was done by anyone at Defendant's Human Resources Department.

39.     In late June or early July 2019, Plaintiff complained about harassment and discrimination to the Company's corporate Human Resources.

40.     In August 2019, Plaintiff informed her new manager, Erin (surname is unknown) about a leave of absence.

41.     In fact, she faxed related documents to the Company.

42.     Plaintiff's mother also assisted in providing the information to Defendant.

43.     On August 18, 2019, Erin texted Plaintiff to let her know that her mother had dropped by and to call about her schedule. *See*, **Exhibit C.**

44.     This is proof the leave of absence was discussed with the Company.

45.     Within days of this communication, Defendant terminated Plaintiff for allegedly abandoning her job.

## COUNT I – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

46.     Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 45.

47.     Based on the conduct described in this Complaint, Defendant is liable for gender-based discrimination in violation of Title VII.

48.     Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

49.     Defendant's conduct harmed and caused damage to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against the Defendant and requests this Court award damages including:

a.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.     Compensatory damages;

e.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.     Prejudgment interest, and, if applicable, post-judgment interest;

g.  Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to the Title VII; and

h.  Provide any additional relief that this Court deems just.

## COUNT II – RACE DISCRIMINATION IN VIOLATION OF TITLE VII

50.  Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 45.

51.  Based on the conduct described in this Complaint, Defendant is liable for race-based discrimination in violation of Title VII.

52.  Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

53.  Defendant's conduct harmed and caused damage to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against the Defendant and requests this Court award damages including:

a.  Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.  Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.  Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.  Compensatory damages;

e.  Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.  Prejudgment interest, and, if applicable, post-judgment interest;

g.      Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to the Title VII; and

h.      Provide any additional relief that this Court deems just.

## COUNT III - GENDER DISCRIMINATION IN VIOLATION OF FCRA

54.      Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 45.

55.      Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

56.      Plaintiff is a member of a protected class because she is a female.

57.      Defendant knew that Plaintiff is a female at all time periods at-issue.

58.      At all material times, Plaintiff was qualified to perform her job duties.

59.      Defendant terminated Plaintiff because of her gender.

60.      Defendant terminated Plaintiff because of her gender.

61.      Plaintiff's gender was a motivating factor that prompted Defendant to terminate Plaintiff.

62.      The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under FCRA because it treated Plaintiff less favorably because of her gender.

63.      Defendant did not subject the male employees to discriminatory treatment.

64.      Plaintiff suffered an adverse employment action when she was terminated.

65.      The discrimination to which Plaintiff was subjected was based on her gender.

66.      Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

67.      The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

69.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

70.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against the Defendant and requests this Court award damages including:

a.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

b.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.     Compensatory damages;

e.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.     Prejudgment interest, and, if applicable, post-judgment interest;

g.      Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

h.      Provide any additional relief that this Court deems just.

## COUNT IV - RACE DISCRIMINATION IN VIOLATION OF FCRA

71.     Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 45.

72.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

73.     Plaintiff is a member of a protected class because she is a female.

74.     Defendant knew that Plaintiff is a female at all time periods at-issue.

75.     At all material times, Plaintiff was qualified to perform her job duties.

76.     Defendant terminated Plaintiff because of her gender.

77.     Defendant terminated Plaintiff because of her gender.

78.     Plaintiff's gender was a motivating factor that prompted Defendant to terminate Plaintiff.

79.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under FCRA because it treated Plaintiff less favorably because of her gender.

80.     Defendant did not subject the male or employees to discriminatory treatment.

81.     Plaintiff suffered an adverse employment action when she was terminated.

82.     The discrimination to which Plaintiff was subjected was based on her gender.

83.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

84.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

86.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

87.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, demands judgment against the Defendant and requests this Court award damages including:

a.      Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

b.      Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      Compensatory damages;

e.      Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      Prejudgment interest, and, if applicable, post-judgment interest;

g.    Award Plaintiff her reasonable attorneys' fees and litigation expenses against

Defendant pursuant to the FCRA; and

h.    Provide any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and

determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this   8th    day of January, 2021.

Respectfully submitted,

**/s/ CARLOS LEACH**
Carlos Leach, Esq.
FBN 0540021
Trial Counsel for Plaintiff
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email:  CLeach@theleachfirm.com